UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| ANGELIQUE SPURLOCK,   )<br>                )<br>         Petitioner,   )<br>                )<br>      v.            )<br>                )<br>JANEL ESPINOZA, Warden,  )<br>                )<br>         Respondent.  )<br>_____) | No. CV 19-7787-JAK (PLA)<br><br>**ORDER ACCEPTING FINDINGS,<br>CONCLUSIONS, AND RECOMMENDATION<br>OF UNITED STATES MAGISTRATE JUDGE** |

     On May 26, 2020, the United States Magistrate Judge issued a Report and Recommendation ("Report"), recommending that petitioner's Petition for Writ of Habeas Corpus be denied and that this action be dismissed with prejudice. (Docket No. 40). On June 25, 2020, petitioner filed Objections to the Report. (Docket No. 45).

     Petitioner dedicates the bulk of her Objections to countering the prosecution's evidence at trial with her own account of her relationship with the victim and the events leading up to, and including, the victim's death. (See Docket No. 45 at 2, 4-5). Petitioner, however, elected not to testify at trial. (See Docket No. 25-11 at 80-81). Thus, at bottom, petitioner is attempting to use her Objections to improperly present testimony that was not presented at trial. Accordingly, the Court does not consider this aspect of petitioner's Objections. Moreover, even if petitioner's

belated attempts to testify were considered, it would not impact this Court's view of the Magistrate Judge's analysis with regard to any of petitioner's grounds for relief.

Petitioner also seeks permission to conduct discovery to prove what she believes was a conspiracy against her and to show that she was denied her right to present a complete defense. (Docket No. 45 at 1, 3, 5). Petitioner already has sought permission to conduct discovery in this matter, and the Magistrate Judge denied petitioner's request, finding that she had failed to show good cause for the requested discovery. (See Docket No. 35). In her Objections, petitioner again has failed to show good cause for the requested discovery. Rule 6(a), 28 U.S.C. foll. § 2254; see also Bracy v. Gramley, 520 U.S. 899, 904, 117 S. Ct. 1793, 138 L. Ed. 2d 97 (1997); Smith v. Mahoney, 611 F.3d 978, 996 (9th Cir. 2010). Indeed, it is unclear what discovery petitioner seeks, other than evidence that purportedly would show that the "facts that were given by the prosecution and his team was [sic] not true." (Docket No. 45 at 1). More importantly, there is no reason to believe that any discovery would impact the bulk of petitioner's claims -- all but one of which are dedicated to challenges to the trial court's evidentiary rulings, the trial court's instructions to the jury, and the purported bias of one of the jurors who served on petitioner's jury. Although petitioner presents one claim regarding an alleged conspiracy against her, the premise of that claim is, on its face, meritless. In that claim, she contends that the prosecutor, trial counsel, and the investigating officers all conspired to "put false charges" on her by denying her access to evidence that would have shown that the police falsified the official police report regarding the victim's murder. (Docket No. 1 at 8). Petitioner cites no evidence in the record to support this improbable claim, and, moreover, there is no reason to believe that permitting petitioner to conduct discovery would uncover any such evidence.

Petitioner, next, suggests that she lacked adequate access to the prison's law library to prepare her "paperwork" in this matter. (Docket No. 45 at 5). This issue already was resolved by the Magistrate Judge. In response to petitioner's earlier complaints regarding this issue, the Magistrate Judge ordered respondent to contact the warden of petitioner's facility and obtain all available information about petitioner's status in the facility, including details about her ability to access the law library and her legal materials. (Docket No. 28). In response, respondent

submitted declarations from prison officials showing that petitioner not only had access to her legal files and to the prison law library, but that she had, in fact, used the law library. (See Docket No. 31 at 5, 7). Accordingly, petitioner's objection regarding her purported lack of access to the prison law library is not well-taken. In any event, the Magistrate Judge sua sponte granted petitioner additional time to file her Reply (Docket No. 35), and it does not appear that petitioner sought additional time to do so, or sought more time to file her Objections.

Petitioner also attempts to supplement two of the claims that she raised in her Petition. First, she alleges new information regarding her claim that one of the jurors who served on her jury was biased against her because the juror was married to a police officer. (See Docket No. 1 at 8; Docket No. 45 at 4). Specifically, petitioner alleges for the first time that she believes that the juror to whom she referred "talked about reading the newspaper about [petitioner's] case" and that "one of the other juror[s] told on her." (Docket No. 45 at 4). However, petitioner provides no citation to the trial court record to substantiate this allegation, and, as the Magistrate Judge noted in his Report, petitioner has not identified the juror to whom she is referring. (See Docket No. 40 at 15). What is more, petitioner provides no facts regarding how the unidentified juror's purported exposure to a newspaper article about petitioner's case would have shown bias on the juror's part or how it would have led to the juror being relieved from petitioner's jury. See James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."); Jones v. Gomez, 66 F.3d 199, 205 (9th Cir. 1995) (habeas relief not warranted where claims for relief are unsupported by facts).

Second, petitioner attempts to supplement her challenge to the trial court's decision to allow the prosecutor to present rebuttal evidence. (See Docket No. 45 at 5; see also Docket No. 1 at 10). In particular, she alleges that her trial counsel informed her that the trial court would not permit petitioner to present evidence in sur-rebuttal. (Docket No. 45 at 5). This allegation is meritless. Petitioner provides no citation to the trial record to show that the trial court prohibited her from presenting evidence in sur-rebuttal. More importantly, the California Court of Appeal on direct review found that, in fact, petitioner was free to present evidence in sur-rebuttal had she been inclined to do so. (See Docket No. 15-1 at 42). Petitioner cannot overcome that finding by

relying on her trial counsel's purported statement to the contrary because that statement is hearsay and unsupported by a declaration or affidavit from trial counsel.

Finally, petitioner suggests for the first time that she was denied her right to effective assistance of counsel and her right to counsel. (See Docket No. 45 at 3, 5). To the extent that petitioner intended to assert new grounds for relief in her Objections, the Court elects not to exercise its discretion to address them because they are unexhausted and because petitioner had ample time to amend her Petition or to seek leave from the Court to do so. See Brown v. Roe, 279 F.3d 742 (9th Cir. 2002) (district court has discretion, but is not required, to consider claims presented in party's objections to magistrate judge's report and recommendation). Regardless, even if the Court were to exercise its discretion to address these claims, they would not entitle petitioner to habeas relief because they are wholly conclusory, and, to the extent that they are not, they are supported only by unsubstantiated hearsay evidence. Such conclusory and unsupported allegations of error do not warrant habeas relief. See James, 24 F.3d at 26; Jones, 66 F.3d at 205 (supra).

ACCORDINGLY, IT IS ORDERED:

1. The Report and Recommendation is accepted.

2. Judgment shall be entered consistent with this Order.

3. The clerk shall serve this Order and the Judgment on all counsel or parties of record.

DATED: June 30, 2020

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE